IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


OSVALDO SANCHEZ CASABONA,

      Petitioner,

v.                                            No. 26-cv-2124-MIS-SCY

WARDEN, Otero County Processing Center, *et al*,

      Respondents,


**ORDER OF DISMISSAL**

THIS MATTER comes before the Court on Petitioner's failure to file a show-cause response regarding his premature habeas claims.   Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) ("Petition").   He raises a claim for prolonged detention and seeks release from immigration custody or alternatively, a bond hearing.   Petitioner is subject to a final removal order entered November 21, 2012.   *See id.* at 4.   He has a criminal history and has served an 18-month prison sentence for marijuana cultivation and a 7-month sentence for "possession of cards."   *Id.* at 14-15.   Petitioner notes that the removal order was not enforced after the completion of either sentence.   *Id.*

Immigration authorities detained Petitioner at a Florida airport on March 18, 2026 (*i.e.,* about 4.5 months ago).   *See id.* at 1.   By an Order entered July 2, 2026, the Court explained that Petitioner's detention is presumptively reasonable for six months under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).   *See* ECF No. 4.   Petitioner is also not entitled to a bond hearing, as his detention is governed by 8 U.S.C. § 1231.   *Id.; see also Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing").

The Court set a deadline of July 23, 2026 for Petitioner to file a response showing cause, if any, why the Petition should not be summarily dismissed as premature.   The Order warns that the failure to timely comply will result in dismissal without prejudice.   Petitioner did not file a response or otherwise object to the Order.   The Petition will therefore be dismissed as premature and without prejudice to refiling after expiration of the six-month period under *Zadvydas*.

**IT IS ORDERED** that Petitioner's 28 U.S.C. § 2241 Petition (**ECF No. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil habeas case.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2